**In the United States District Court
for the Southern District of Georgia
Brunswick Division**

FILED
U.S. DISTRICT C(
BRUNSWICK D
2006 DEC 21  A I
CLERK
S. DIST OF GA

| | | |
|---|---|---|
| TYQUISHA KIRKSEY CLARK and DESTINY L. ROGERS, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| PATRICK BUTTS and BOOZER ENTERPRISES, LLC, | : | |
| Defendants. | : | NO. CV206-78 |

O R D E R

Plaintiffs, Tyquisha Kirksey Clark and Destiny L. Rogers, filed the above-styled action against Defendants, Patrick Butts and Boozer Enterprises, LLC, alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.. Currently before the Court is Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted. Because the Court finds that Plaintiffs have exhausted their administrative remedies, Defendants' motion will be **DENIED**.

**FACTS**

Plaintiffs were employed by Defendant, Boozer Enterprises, at its McDonald's location in Brunswick, Georgia. Plaintiffs contend that during their employment with Boozer, their supervisor, Defendant, Patrick Butts, subjected them to sexual harassment.

On February 21, 2002, Plaintiffs, through counsel, submitted intake questionnaires to the Equal Employment Opportunity Commission ("EEOC"), alleging that Butts subjected them to sexual harassment and that Boozer Enterprises refused to do anything when advised of the alleged harassment.[1]

On February 22, 2002, Plaintiffs' counsel submitted an intake questionnaire, in the identical manner, for a third individual alleging similar sexual harassment against Defendants.

The EEOC initiated an investigation into the third individual's charge but failed to do so with regard to Plaintiffs' allegations. Thereafter, the EEOC advised Plaintiffs' counsel that, while it had a record of Plaintiffs' questionnaires, the questionnaires had been lost and it refused

---

[1] Although the date provided in the Complaint is February 21, 2001, the date that appears on the actual questionnaires is February 21, 2002. (See Compl. Exs. A & B.)

2

to issue right to sue letters. Plaintiffs' counsel was further advised that the EEOC would issue an untimely finding were counsel to submit new questionnaires.

Sometime in 2005, an EEOC representative provided Plaintiffs' counsel with blank charge forms. Plaintiffs did not submit new intake questionnaires or the provided charge forms. Instead, Plaintiffs filed the instant action on April 7, 2006.

Defendants move to dismiss the Complaint based on Plaintiffs' alleged failure to exhaust their available remedies by filing timely charges of discrimination with the EEOC and obtaining right to sue letters prior to filing suit. Plaintiffs argue that the Court should construe their intake questionnaires as charges and that equitable modification of the statutory requirement is warranted because the EEOC refused to issue right to sue letters.

**DISCUSSION**

A motion to dismiss does not test whether the plaintiffs will prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Therefore,

the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiffs. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards, 437 F.3d 1145, 1149 (11th Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957)).

It is well established that prior to commencing a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of her right to sue the respondent named in the charge. Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996). In a non-deferral state such as Georgia, a charge must be filed within 180 days of the last discriminatory act to be considered timely. 42 U.S.C. § 2000e-5(e)(1); Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1318 (11th Cir. 2001).

AO 72A
(Rev. 8/82)

It is undisputed that Plaintiffs failed to file a discrimination charge with the EEOC within 180 days from the date of the alleged discriminatory conduct. Plaintiffs request the Court to construe their timely submitted intake questionnaires as charges because the questionnaires manifest Plaintiffs' intent to activate the administrative process in a manner Plaintiffs' counsel customarily initiated investigations with the EEOC.

As a general matter, an intake questionnaire is not intended to function as a charge for purposes of the statute of limitations. Pijnenburg v. W. Ga. Health Sys., Inc., 255 F.3d 1304, 1307 (11th Cir.), reh'g & reh'g en banc denied, 273 F.3d 1117 (2001). However,

> a verified intake questionnaire that includes the basic information suggested by 29 C.F.R. § 1601.12(a)[2]

---

[2]

Pursuant to EEOC regulations, each charge should contain the following:

(1) The full name, address and telephone number of the person making the charge . . .;

(2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);

(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices . . .;

(4) If known, the approximate number of employees of the

(continued...)

AO 72A
(Rev. 8/82)

> may constitute a charge for purposes of the Title VII statute of limitations when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process by filing the intake questionnaire with the EEOC.

Wilkerson, 270 F.3d at 1321.

The circumstances of the instant case demonstrate that Plaintiffs manifested such an intent by submitting their intake questionnaires to the EEOC. Plaintiffs' counsel submitted the questionnaires, titled "EQUAL EMPLOYMENT OPPORTUNITY COMMISSION EMPLOYMENT DISCRIMINATION CHARGE QUESTIONNAIRE", via facsimile and U.S. Mail to the EEOC in a timely manner on February 21, 2002. The verified questionnaires included the first four of the five suggestions contained in 29 C.F.R. § 1601.12(a). Additionally, the questionnaires contained written statements sufficiently precise to identify the parties, and to describe

---

(...continued)
    respondent employer . . .; and

    (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

    (b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of . . . .

29 C.F.R. § 1601.12.

AO 72A
(Rev. 8/82)

generally the action or practices complained of as provided in 29 C.F.R. § 1601.12(b), and the Plaintiffs' indication that they wanted their identity disclosed to Defendants. Finally, the Court finds significance in the fact that submission of the intake questionnaires was the manner in which Plaintiffs' counsel customarily initiated investigations with the EEOC. Thus, Plaintiffs' intake questionnaires satisfied the charge requirement of Title VII's statute of limitations.

Defendants contend that even were the Court to construe the questionnaires as charges, suit in federal court is premature because Plaintiffs failed to obtain the requisite right to sue letter. As previously noted, in addition to filing a charge with the EEOC, an employee must receive a right to sue notice before commencing a Title VII action in federal court. Forehand, 89 F.3d at 1567. The Eleventh Circuit has determined that receipt of a right to sue letter is not a jurisdictional prerequisite to suit but, rather, a condition precedent to a Title VII action, subject to equitable waiver, modification, or estoppel. Pinkard v. Pullman-Standard, 678 F.2d 1211, 1216 (5th Cir. Unit B 1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983) (citations

AO 72A
(Rev. 8/82)

omitted)³; Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1525 (11th Cir. 1983).

Accepting as true all facts alleged in the Complaint, as required on a motion to dismiss, the circumstances of the instant case arguably warrant modification of the statutory requirement. Plaintiffs appear to have attempted diligently to obtain the required right to sue notices as to the previously submitted intake questionnaires, but the EEOC has refused to issue them.⁴

> To dismiss [their] Title VII claim[s] for failure to receive the proper notice when [they are] unable to obtain it would obviously be unfair to [Plaintiffs]. Therefore, the requirement that [Plaintiffs] receive a right-to-sue notice from the [EEOC] is waived.

See Fouche, 713 F.2d at 1526.

---

³ In Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit accepted as binding precedent the post-September 30, 1981, decisions of a Unit B panel of the former Fifth Circuit.

⁴ According to Plaintiffs' counsel, the EEOC refused to issue a right to sue letter on the previously submitted intake questionnaires and stated that it would issue an untimely finding if counsel submitted new ones. (Yancey Aff. ¶¶ 19-20, Resp. in Opp'n Ex. A.)

8

**CONCLUSION**

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Defendants' Motion to Dismiss (Doc. No. 12) is **DENIED**.

**SO ORDERED**, this 21st day of December, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)